UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-04358 MMM (PJWx) | Date | July 7, 2015 |

Title  *Glassical Creations, Inc. v. Canter, et al.*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

### I. FACTUAL BACKGROUND

On May 8, 2015, Glassical Creations, Inc. ("Glassical") filed an unlawful detainer action against defendants Deborah Canter, Jenifer Canter, Patricia Romano, Rod Romano, Jennie Romano, Robert Romano, and other fictitious defendants ("defendants").[1] Jennie Romano ("Romano") removed the action to this court on June 9, 2015, purporting to invoke the court's federal question jurisdiction.[2]

This case concerns the property owned by Glassical and possessed by defendants located at 1510 La Loma Rd., Pasadena CA 91105.[3] Canter allegedly entered into a fixed term lease for the property on February 13, 2015, and agreed to pay the monthly rent of $5,500.00.[4] Glassical asserts that the remaining defendants are authorized or unauthorized tenants of the property.[5]

---

[1] Notice of Removal of Action, Docket No. 1 (June 9, 2015), Exh. 1 ("Complaint").

[2] Removal at 1.

[3] Complaint at 1.

[4] *Id.*

[5] *Id.*, at 2.

Glassical served defendants with a 3-day notice to pay rent or quit by posting a copy on the premises on April 26, 2015, as well as by giving a copy to the person residing there and mailing a copy to defendants at the premises on April 30, 2015; this was done because purportedly no person of suitable age or discretion could be found at the property.[6] Glassical alleges that at the time the 3-day notice was posted, defendants owed $7,050.00 in rent. it asserts that the fair rental value of the property is $183.33 per day.[7]

Glassical seeks to recover past-due rent in the amount of $7,050.00, reasonable attorneys' fees, and damages of $183.33 per day until judgment is entered.[8]

## II. DISCUSSION

### A. Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

---

[6]*Id.*; Glassical did not check the boxes on the state court complaint form indicating that it gave a copy of the notice to someone residing at the premises and mailed a copy as well. Its complaint, however, states the date on which these actions were taken.

[7]*Id.*, at 3.

[8]*Id.*

### B.     Federal Question Jurisdiction

### 1.     Legal Standard Governing Federal Question Jurisdiction

Jenni Romano's notice of removal invokes the court's federal question jurisdiction. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law causes of action. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").

Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Jennie Romano Has Shown that the Court Has Federal Question Jurisdiction to Hear This Action

Glassical's complaint alleges a single claim for unlawful detainer.[9] There is no federal question apparent on the face of the complaint because an unlawful detainer action does not "arise under" federal law, nor does it require resolution of an essential federal ingredient as part of the state law claim. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank N.A. v. Lopez*, No. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Romano's notice of removal does not clearly identify the alleged basis for federal question jurisdiction. She references 18 U.S.C. § 12131, *et seq.*, but no such statute exists. Nor does she coherently articulate how the purported provision provides a basis for the exercise of federal question jurisdiction. It *is* clear, however, that Romano relies on the purported statute *defensively* and that Glassical's unlawful detainer action, on its face, does not implicate federal statutes or constitutional provisions. The fact that a federal statute may provide a defense to an unlawful detainer action, or that such a statute may be asserted in a counterclaim, does not provide a basis for exercising federal question jurisdiction over the case. See, e.g., *Equity Growth Asset Management v. Soper*, No. C 11-5571 CW, 2011 WL 6782342, *1 (N.D. Cal. Dec. 27, 2011) ("It is well-established 'that a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' Federal jurisdiction may not rest upon 'an actual or anticipated defense or counterclaim.' In the instant case, Plaintiff's complaint alleges only unlawful detainer pursuant to California Code of Civil Procedure § 1161a. Removal cannot be based solely on the allegations that Defendant raises in his defense," citing *Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009)); *Eden House Management, Inc. v. Muhammad*, No. C 07-04325 SBA, 2007 WL 4219397, *2-3 (N.D. Cal. Nov. 28, 2007) ("Eden further argues that its unlawful detainer action presents no federal question. It is well established that 'removability cannot be created by defendant pleading a counter-claim presenting a federal question. . . .' The face of Eden's complaint contains no federal question, and removal cannot be based solely on allegations of civil rights violations first raised in Muhammad's counter-claim. Additionally, state law

---

[9]Complaint at 1.

prohibits a defendant from adding unrelated claims to an unlawful detainer action. 'The summary character of [an unlawful detainer] action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced.' If Muhammad seeks to pursue any civil rights violation, nothing prevents him from directly filing a § 1983 claim in federal district court within the applicable limitations period").

As noted, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Because Glassical's complaint does not present a federal question, either on its face or as artfully pled, the court lacks federal question jurisdiction to hear the action.

### C. Diversity Jurisdiction

#### 1. Legal Standard Governing Diversity Jurisdiction

Romano does not argue that the court has diversity jurisdiction to hear the action. Nonetheless, the court considers whether the pleadings establish that it can exercise jurisdiction on this basis. Under § 1332(a), "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the action] is between . . . citizens of different states." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis* , 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996).

#### 2. Whether the Court Has Diversity Jurisdiction to Hear This Action

##### a. Amount in Controversy

The court first examines whether the amount in controversy exceeds $75,000. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000

(9th Cir. 2007)).[10]

---

[10]In *Lowdermilk*, 479 F.3d at 999, the Ninth Circuit held that when a plaintiff pleads a specific amount in controversy that is less than the jurisdictional minimum, a defendant seeking to remove the case under the Class Action Fairness Act ("CAFA") must show to a "legal certainty" that the jurisdictional amount is at issue. The court identified two principles informing this conclusion: "First, as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction. Second, it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Id.* at 998-99 (citations omitted). Several district courts subsequently applied the legal certainty rule in § 1332(a) diversity jurisdiction cases. See, e.g., *Site Mgmt. Solutions, Inc. v. TMO CA/NV, LLC*, No. CV 10–08679 MMM (JEMx), 2011 WL 1743285, *3 (C.D. Cal. May 4, 2011) (applying the legal certainty standard in a § 1332(a) diversity jurisdiction case); *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10–4280–GHK (JCx), 2010 WL 3119366, *1 n. 1 (C.D. Cal. Aug. 6, 2010) (same); but see *Lyon v. W.W. Grainger, Inc.*, No. C 10–00884 WHA, 2010 WL 1753194, *1 (N.D. Cal. Apr.29, 2010) ("It would be an unprecedented extension of Ninth Circuit caselaw to apply the burden of proof that plaintiff suggests to a non-CAFA case such as this").

In *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 1347 (2013), plaintiff filed a class action, alleging that he and the "[c]lass stipulate[d] they [would] seek to recover total aggregate damages of less than [the CAFA jurisdictional threshold of] five million dollars." Defendant removed, invoking CAFA. *Id.* at 1348. The district court remanded. It found that although the amount in controversy would have exceeded $5,000,000 in the absence of the stipulation, it could not be met given the stipulation. *Id.* The Supreme Court held that the district court erred in relying on the stipulation because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349.

In *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975 (9th Cir. 2013), the Ninth Circuit recognized that *Standard Fire* overruled *Lowdermilk*'s "legal certainty" standard in CAFA cases. See *id.* at 977 ("Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*"). The court held that the second principle informing the *Lowdermilk* rule – to "preserve the plaintiff's prerogative . . . to forgo a potentially larger recovery to remain in state court"– was "directly contradicted by *Standard Fire*['s holding that] a plaintiff seeking to represent a putative class could not evade federal jurisdiction by stipulating that the amount in controversy fell below the jurisdictional minimum." *Id.* at 980, 981. The court also concluded that *Standard Fire* had overruled *Lowdermilk*'s directive that district courts "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met," and that § 1332(d) required district courts to evaluate the potential claims of absent class members rather than plaintiff's complaint. *Id.* at 981.

Since *Rodriguez* was decided, district courts in the Ninth Circuit have disagreed as to whether the legal certainty standard continues to apply in non-CAFA cases. Compare *Stelzer v. CarMax Auto Superstores Cal., LLC*, 13–CV–1788–LAB–JMA, 2013 WL 6795615, *5 & n. 2 (S.D. Cal. Dec. 20, 2013) (applying the legal certainty standard) with *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13–cv–02134–MCE–KJN, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (holding that the preponderance of the evidence standard applies).

Glassical's complaint seeks damages based on past due rent, as well as damages at the rate of $183.33 per day for each day defendants remain in possession of the property after March 15, 2015 ($9,899.82 through May 8, 2015), as well as attorneys' fees.[11] Romano does not argue that the amount in controversy exceeds $75,000, let alone show by a preponderance of the evidence that this is the case. Consequently, she has failed to demonstrate that the court has diversity jurisdiction to hear the action.

### b. Complete Diversity

Neither the complaint nor the notice of removal adequately alleges Glassical's or defendants' respective citizenship. The complaint alleges only that Glassical is a "corporation." A corporation is a citizen of the state in which its "principal place of business" is located; this is defined by the Supreme Court as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Neither the complaint nor the notice of removal alleges Glassical's state of incorporation or the location of its principal place of business; as a result, based on the pleadings in this case, the court cannot determine Glassical's citizenship.

Similarly, neither the complaint nor the notice of removal allege defendants' citizenship. It is possible that the defendants are residents of California, since the property in question is located in California and they are alleged to be in possession of it. Even if this is the case, a party's residence does not determine his or her citizenship for purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"); see also *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.

---

The court believes that *Standard Fire* and *Rodriguez* leave the legal certainty rule intact in non-CAFA cases. The rationale underlying those decisions – i.e., that a plaintiff cannot bind absent class members before a class is certified – has no application outside the class action context. In contrast, the reasoning that underlies the *Lowdermilk* rule – i.e., that federal courts are courts of limited jurisdiction, and that a plaintiff is "master of her complaint" – applies with full force in non-CAFA cases. Moreover, the "legal certainty" test for cases such as this does not derive from *Lowdermilk* and relies on a distinct line of reasoning. The Ninth Circuit announced the rule in *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 402 (9th Cir. 1996). Accordingly, the court concludes that neither *Knowles* nor *Rodriguez* disturbs the "legal certainty" rule used to determine the amount in controversy in removal cases that are not class actions.

[11]54 days x $183.33/day = $9,899.82.

Residence is not an immutable condition of domicile"). Because neither the complaint nor the notice of removal alleges the defendants' domicile, the court is unable to determine whether they are citizens of California or of some other state.

Because Romano has not adequately alleged defendants' and Glassical's citizenship, the court is unable to conclude that § 1332(a)'s complete diversity requirement has been met. In sum, she pleads neither complete diversity nor that the amount in controversy exceeds $75,000. The court therefore cannot exercise diversity jurisdiction over the action.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For the reasons stated, Romano has failed to carry her burden of showing that the court has subject matter jurisdiction to hear this action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.